IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID MOLESKI,

    Petitioner,

v.                        Case No. 3:16cv207-LC/CAS

UNITED STATES,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about May 11, 2016, Petitioner David Moleski, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. After direction by this Court, *see* ECF No. 4, Petitioner filed an amended petition for habeas corpus pursuant to 28 U.S.C. § 2241 on or about June 3, 2016. ECF No. 6. Petitioner has also filed a "Motion for Estoppel by Nihil Dicit and Motion for Judgment as a Matter of Law," ECF No. 5, and a "Motion for Findings of Fact and Conclusions of Law and an Order Declaring Petitioner is Actually Innocent," ECF No. 7.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition, as well as the pending motions, should be denied.

## Background

Following a jury trial in the United States District Court for the District of New Jersey, Petitioner was convicted of nineteen (19) counts, including twelve (12) counts of mail fraud in violation of 18 U.S.C. §§ 1341-2.   See United States v. Moleski, --- F. App'x ---, 117 A.F.T.R.2d 491, 2016 WL 231537, at *1 (3d Cir. Jan. 20, 2016).   The court sentenced him to four and a half years in prison, followed by five years of supervised release.   Id. at *2.   On appeal, the Third Circuit affirmed the case, in an opinion dated January 20, 2016.   Id. at *3.

Moleski filed this § 2241 petition on or about May 11, 2016, and filed an amended § 2241 petition on or about June 3, 2016, along with other motions.   In his amended § 2241 petition, Moleski raises one ground, asserting the federal court district court had no jurisdiction under 18 U.S.C. § 3231 because that provision was never validly passed into law, as "[n]o quorum was present on May 12, 1947, when the House of Representatives

voted on H.R. 3190." ECF No. 6 at 3; *see id.* at 10. As relief, Moleski requests this Court grant the writ and "[d]eclare Petitioner actually innocent as a matter of law; Order of immediate release; compensate Petitioner $3500.00/day for each day from the illegal indictment until the day of Petitioner's release." *Id.* at 6.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* <u>United States v. Hayman</u>, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in <u>Hayman</u>, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and

thus is matter for habeas corpus).

In this case, in his § 2241 petition, Moleski challenges not how his sentence is being executed, but rather that it is being executed at all, and thus his claim does not appear appropriate for disposition under § 2241. Regardless, even assuming his claim relates to the manner of execution of his sentence, his claim lacks merit. Indeed, he has raised this same argument in pretrial motions and petitions, which were denied. See <u>United States v. Moleski</u>, 93 F. R. Evid. Serv. 461, 2014 WL 197907, at *9 (D. N.J. Jan. 13, 2014); <u>In re: Moleski</u>, 578 F. App'x 87, 88 (3d Cir. Sept. 4, 2014) (again rejecting Moleski's argument that "due to supposed irregularities in its enactment, 18 U.S.C. § 3231 – the statute providing the District Court with subject-matter jurisdiction – is void and that the District Court therefore lack's jurisdiction over his criminal action"); <u>In re: Moleski</u>, 546 F. App'x 78, 79 (3d Cir. Dec. 4, 2013). As the New Jersey district court indicated, "the validity of § 3231 has been affirmed by every court that has discussed it." <u>Moleski</u>, 2014 WL 19707 at *9; see <u>Moleski</u>, 546 F. App'x at 79 ("His argument, which the Seventh Circuit has characterized as 'unbelievably frivolous,' <u>United States v. Collins</u>, 510 F.3d 697, 698 (7th Cir. 2007), has been 'firmly denied by every court to address [it],' <u>Cardenas-Celestino v.</u>

United States, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (collecting cases)."); *see also* United States v. Penwell, 455 F. App'x 181, 183-84 (3d Cir. 2011) (collecting cases).

## Conclusion

It is therefore respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 6) be **DENIED**. Petitioner's pending motions (ECF Nos. 5 and 7) should also be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2016.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**